

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION
IN RE

| | |
|---|---|
| CHERYL A. O'HARA | CHAPTER 13 |
| DEBTOR | CASE NO. 15-12400 |
| | JUDGE: Michael J. Kaplan |

**ORDER CONDITIONALLY GRANTING RELIEF
FROM THE AUTOMATIC STAY**

Upon the Motion of Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America ("Secured Creditor") dated November 18, 2016, with exhibits attached thereto, submitted in support of said application, with proof of service upon the Trustee, Debtor, Debtor's Attorney, and U.S. Trustee;

**NOW,** upon the motion of Shapiro, DiCaro & Barak, LLC attorneys for Secured Creditor, upon the consent of the debtor and debtor's counsel, it is hereby:

**ORDERED that**, the motion of Secured Creditor is conditionally granted as set forth below, and it is further

**ORDERED that**, on or before August 15, 2017, the debtor shall pay all post-petition arrears, late charges, legal fees and expenses, totaling $2,776.00 to Secured Creditor, its agents, assigns, or successors in interest, a breakdown of which follows:

| | |
|---|---|
| 4 Monthly Payments at $687.91 each (November 2016 through February 2017) | $2,751.64 |
| Attorneys' Fees/Costs | $526.00 |
| Suspense Balance | ($501.64) |
| Total Delinquencies | $2,776.00 |

Said payment shall be made as follows:

| | | |
|---|---|---|
| 1. | on or before March 15, 2017 | $462.67 |
| 2. | on or before April 15, 2017 | $462.67 |
| 3. | on or before May 15, 2017 | $462.67 |
| 4. | on or before June 15, 2017 | $462.67 |
| 5. | on or before July 15, 2017 | $462.67 |
| 6. | on or before August 15, 2017 | $462.65 |

**ALL payments toward the post-petition arrears and in accordance with this paragraph must be in <u>certified funds</u> made payable to Seterus, Inc. and shall be sent to the following address:**

SHAPIRO, DICARO & BARAK, LLC
175 MILE CROSSING BOULEVARD
ROCHESTER, NY 14624

All payments made pursuant to this Order shall be applied first to reimburse creditor for its attorney fees and costs in connection with the motion, in the amount of $526.00. All further payments will be applied to the debt in the manner prescribed by the note and mortgage; and it is further

**ORDERED that,** Debtor shall in accordance with the requirement of the Loan, continue making the regular monthly payments to Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, at the address listed below, on the first day of each and every month thereafter commencing March 2017; and it is further

16-051320

Seterus Inc.
P.O. Box 1047
Hartford, CT 06143
c/o Bankruptcy Department,

**ORDERED that**, if the Debtor fails to tender any of the post-petition arrears due hereinabove and without further notice, the Secured Creditor shall file an Ex Parte Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance. Upon issuance of the Ex Parte Order, the Automatic Stay shall be deemed vacated with respect to the Mortgage held by Secured Creditor, allowing the Secured Creditor to foreclose on the Mortgage and Note encumbering the Property; and it is further

**ORDERED that**, if the Debtor fails to make regular monthly payments and fails to cure the default within ten (10) days from the date of service of a written Notice of Default on the Debtor and Debtor's Attorney, the Secured Creditor shall file an Ex Parte Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance. Upon issuance of the Ex Parte Order, the Automatic Stay shall be deemed vacated with respect to the Mortgage held by Secured Creditor, allowing the Secured Creditor to foreclose on the Mortgage and Note encumbering the Property; and it is further

**ORDERED that**, in the event that three (3) Notices of Default have been sent to Debtor and Debtor's Attorney as a result of three defaults under this Order, the Secured Creditor shall file an Ex Parte Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance. Upon issuance of the Ex Parte Order, the Automatic Stay shall be lifted and vacated allowing the Secured Creditor to foreclose on the Mortgage and Note encumbering the Property; and it is further

**ORDERED that**, if Secured Creditor is required to send the above-mentioned notice of default, Secured Creditor shall be entitled to recover additional attorney's fees in the amount of

16-051320

$50.00 per notice, which shall be added to the amount necessary to cure the default; and it is further

**ORDERED that,** in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect, and it is further

**ORDERED that,** if the automatic stay is vacated under the terms of this Order the unpaid portion of the Claim of Secured Creditor, claim number 7, shall be deemed withdrawn; and it is further

**ORDERED that,** subsequent to any foreclosure sale, the Secured Creditor shall provide a report to the Trustee identifying the existence of any surplus monies which result from said sale.

Approved:

/s/ Daniel E. Wisniewski
Daniel E. Wisniewski
Attorney for Debtor

Dated: 2-22-17

Dated: FEB 2 8 2017
Buffalo, NY

Enter:

Honorable Michael J. Kaplan
United States Bankruptcy Judge


FILED
FEB 2 8 2017
BANKRUPTCY COURT
BUFFALO, N.Y.

16-051320